# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DALE MITCHELL,

    Petitioner,

v.

RON VAN BOENING,

    Respondent.

Case No. C09-5460RJB/JRC

REPORT AND RECOMMENDATION

NOTED FOR:
February 19, 2010

The petitioner filed this action seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254, however he is not challenging his state conviction or sentence. Instead, he is challenging his placement in administrative segregation pending a disciplinary hearing. There is nothing in the petition that suggests petitioner has lost good time or earned time as a result of his placement in administrative segregation. Thus, this petition does not challenge fact or duration of confinement. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrate Judges' Rules MJR 3 and MJR 4.

REPORT AND RECOMMENDATION- 1

## FACTS

Petitioner states that on July 12, 2009, his cell was searched and officer's discovered a CD case with pornographic DVD's. He and his cell mate, Mr. Linear, were placed in segregation and issued an infracted on a "cell tag". A "cell tag" holds all inmates in a cell responsible for the contents of the cell. If contraband is found, all inmates in the cell are infracted. In re Anderson, 112 Wn. 2d 546, 772 P.2d 510 (1989).

As of July 23, 2009, petitioner had not had a disciplinary hearing and he filed this petition claiming he was being denied due process of law and that his placement in segregation was arbitrary and capricious because prison officials were not following the Washington Administrative Code regarding "cell tags." (Dkt. # 3 and 5).

Respondent has filed an answer that gives the court additional information. Petitioner was infracted the day of the search - - July 12, 2009. On July 13, 2009, he received notice there would be a disciplinary hearing. On July 14, 2009, the hearing was continued as the prison I & I unit, (Intelligence and Investigations), was reviewing the incident (Dkt. # 11, Exhibit 5).

On July 28, 2009, a hearing was held. Petitioner denied any knowledge of the DVD's and claimed the finding of contraband in his cell was a total surprise to him (Dkt. # 11, Exhibit 6). Significantly, his cell mate, Mr. Linear, admitted ownership of the DVD's. Further, Mr. Linear testified that Mr. Mitchell had no knowledge of the DVD's. Linear's testimony was corroborated by the fact that the DVD's were found in a case belonging to Mr. Linear that was found under Linear's desk (Dkt. # 11, Exhibits 3 and 6). The hearings officer believed petitioner's claim that he was not involved and dismissed the charges against him on July 28, 2009 (Dkt. # 11, Exhibit 6). He was subsequently released from administrative segregation.

REPORT AND RECOMMENDATION- 2

Respondent notes that the petitioner filed no state Personal Restraint Petition in this case and completely bypassed the state court system (Dkt. # 11). Respondent moves to dismiss the petition for failure to exhaust state court remedies (Dkt. # 11). Petitioner did not respond. Thus, the contention that he did not exhaust state court remedies is uncontested.

## **EVIDENTIARY HEARING NOT REQUIRED**

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing in this court shall not be held unless the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims do not challenge his conviction or sentence. Therefore, this court concludes that there is no reason to conduct an evidentiary hearing.

## **DISCUSSION**

A.  *The Standard of Review.*

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground

REPORT AND RECOMMENDATION- 3

that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984);

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1). Here, there was no state adjudication as petitioner bypassed the state court system.

B. *Exhaustion.*

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented at every level of appeal. Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S. 364 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982). It is uncontested that no state court proceeding challenging the petitioner's placement in segregation or challenging the "cell tag" was ever filed.

REPORT AND RECOMMENDATION- 4

Instead, petitioner came directly to federal court. The claims in this petition are unexhausted and should be DISMISSED WITHOUT PREJUDICE.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

Based on the foregoing discussion, the court recommends this petition be DISMISSED WITHOUT PREJUDICE. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 19, 2010, as noted in the caption

DATED this 28th day of January, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5